UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

| | |
|---|---|
| **CORNELIUS WILSON (#356241)** | **CIVIL ACTION NO.** |
| **VERSUS** | **19-581-JWD-EWD** |
| **TIMOTHY HOOPER, ET AL.** | |

## RULING AND ORDER

Before the Court is the Motion to Stay ("Motion"),[1] filed by Petitioner Cornelius Wilson ("Wilson"). Respondents oppose the Motion.[2] As Wilson has shown good cause to grant a stay of his habeas proceedings until resolution of his pending state post-conviction relief proceedings, his Motion will be granted.[3]

**I.  PROCEDURAL HISTORY**

On October 12, 2012 Wilson was indicted in the Nineteenth Judicial District Court for the Parish of East Baton Rouge, State of Louisiana on three counts of possession with intent to distribute a controlled dangerous substance.[4] After a jury trial in May 2015, Wilson was found guilty on all counts.[5] Wilson was adjudicated as a habitual offender and sentenced to an aggregate sentence of sixty years imprisonment without the benefit of probation, parole, or suspension of sentence.[6] Wilson filed a direct appeal to the Louisiana First Circuit Court of Appeal ("First Circuit"). On February 22, 2017 the First Circuit affirmed his conviction and sentence.[7] The

---

[1] R. Docs. 30 & 32.
[2] R. Docs. 27 & 31.
[3] A decision related to a stay is not excepted from direct ruling by a magistrate judge in 28 U.S.C. § 636(b)(1)(A), nor is it dispositive of the merits of any claim under Fed. R. Civ. P. 72. *See Martin v. Roy*, No. 20-339, 2021 WL 890582, at *1 (M.D. La. Mar. 9, 2021), citing *Fletcher v. Whittington*, No. 18-1153, 2019 WL 2511033, at n.2 (W.D. La. May 23, 2019).
[4] R. Doc. 15, p. 73.
[5] R. Doc. 15, pp. 74-81.
[6] R. Doc. 15-2, pp. 16-28. Wilson received sixty years on each count, to be served concurrently.
[7] *State v. Wilson*, 2016-0912 (La.App. 1 Cir. 2/22/17), 2017 WL 716085.

Louisiana Supreme Court denied Wilson's application for a writ of certiorari on November 13, 2017,[8] and his motion for reconsideration on February 23, 2018.[9]

Wilson filed a series of post-conviction motions with the trial court after his conviction was affirmed. Relevant to these proceedings, Wilson filed two motions to correct illegal sentence-- one on May 12, 2018, and one on July 29, 2019.[10] The May 12, 2018 motion was summarily denied on August 28, 2018.[11] There is no ruling from the trial court in the record on Wilson's July 29, 2019 motion.

Wilson filed his federal habeas petition on or about August 22, 2019.[12] Wilson brings four claims: (1) non-unanimous jury verdict, (2) that his due process rights were violated when the trial judge refused to recuse himself, (3) that his "right to face the accuser" was violated because "there was no CI provided leading to hearsay, and no probable case [sic] to search or arrest (no warrant [sic]); and (4) factual innocence because "no evidence exist [sic] that points to Mr. Wilson committing the crime. Officers confessed in trial and in testimony that nothing was in Wilson's possession nor did Wilson intended [sic] or made a transaction."[13]

After his federal habeas petition was filed, Wilson filed a *pro se* application for post-conviction relief ("PCR") in the state trial court on or about November 1, 2019.[14] Wilson's retained counsel later filed another PCR application on November 12, 2019.[15] Counsel with the Promise of

---

[8] *State v. Wilson*, 2017-0392 (La. 11/13/17), 229 So. 3d 924 (Mem.).
[9] *State v. Wilson*, 2017-0392 (La. 2/23/18), 237 So. 3d 1190 (Mem.).
[10] R. Doc. 15-2, pp. 161-169; R. Doc. 19-32, pp. 12-21.
[11] R. Doc. 15-1, p. 73.
[12] R. Doc. 1.
[13] R. Doc. 3.
[14] R. Doc. 19-7, p. 37 through R. Doc. 19-8, p. 14. Wilson dated the affidavit "May 11, 2019" (R. Doc. 19-8, p. 12). However, he later advised the trial court in two separate letters that he filed the PCR application on November 1, 2019 (R. Doc. 19-7, p. 35) and on November 8, 2019 (R. Doc. 19-8, p. 16). The clerk of the state court stamped the PCR application received on November 14, 2019. R. Doc. 19-7, p. 37. Because Wilson filed the motions to correct illegal sentence, the statute of limitations remained tolled such that the exact filing date for this PCR application is inconsequential. It appears Wilson's letters advising the court that he filed the PCR application sometime in early November are most likely accurate.
[15] R. Doc. 19-1, pp. 1-13.

Justice Initiative supplemented Wilson's PCR application on December 9, 2020 to assert the issue of the unconstitutionality of his conviction by non-unanimous jury.[16] On December 12, 2021 the trial court stayed Wilson's PCR claim related to his conviction by a non-unanimous jury due to a split among the Louisiana appellate courts.[17]

In September of 2021, Wilson filed notice with the trial court that at least one of the officers involved in his arrest was mentioned in a March 6, 2021 newspaper article about corruption within the Baton Rouge Police Department's narcotics unit.[18] The article reported that a narcotics division officer alleged that "narcotics officers routinely stopped and searched Black people without probable cause, planted drugs on suspects, and coerced prostitutes into setting up drug dealers."[19] The article stated that some of the allegations were confirmed by Baton Rouge Police Department investigators and Baton Rouge prosecutors were reviewing cases because the credibility of the officers has been challenged.[20]

On February 25, 2022 Wilson filed a third counseled PCR application,[21] alleging, *inter alia*, that Wilson's due process rights were violated because of the corruption within the Baton Rouge Police Department narcotics unit.[22] On March 9, 2022 Wilson's counsel entered into a written agreement with the district attorney's office to stay certain pending post-conviction applications to "explore claims for relief by defendants whose convictions rest upon testimony

---

[16] R. Doc. 19-17, p. 18 through R. Doc. 19-18, p. 25. Wilson was found guilty by a vote of 10-2. *See* R. Doc. 15, p. 74.
[17] R. Doc. 19-25, p. 18. The Louisiana Supreme Court has granted certiorari to review whether Louisiana should apply the United States Supreme Court opinion in *Ramos v. Louisiana*, 140 S. Ct. 1390 (2020) retroactively. *State v. Reddick*, 2021-01893 (La. 2/15/22), 332 So.3d 1173 (Mem.).
[18] R. Doc. 19-23, pp. 1-2.
[19] *Id.* at 2.
[20] *Id*.
[21] R. Doc. 19-31, pp. 10-24.
[22] *Id.* at 19-22.

from [a] now-indicted narcotics officer…or five other former Baton Rouge narcotics detectives who are also under investigation."[23] Wilson's case appears on the list.

On May 5, 2022 this Court ordered the Respondent to supplement the previously filed state court record with the documents from Wilson's ongoing post-conviction proceedings.[24] These documents show overlap between the claims in Wilson's PCR applications still pending in state court and claims asserted in his federal habeas petition. On June 22, 2022 the Court requested that Wilson advise by motion if he sought to stay this case.[25] Wilson filed a Motion to Stay on August 8, 2022.[26] Respondents oppose Wilson's request for a stay.[27] Respondents contend that the stay is inappropriate because Wilson's petition is untimely.

## II.    LAW AND ANALYSIS

A federal district court may not adjudicate a habeas petition that contains exhausted and unexhausted claims, *i.e.*, a "mixed petition."[28] To address the risk that the interplay between the one year statute of limitations period in the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") and *Lundy*'s complete exhaustion requirement could result in habeas petitioners losing any opportunity for review of unexhausted claims, some district courts have adopted a "stay and abeyance" procedure. "Under this procedure, rather than dismiss the mixed petition pursuant to *Lundy*, a district court might stay the petition and hold it in abeyance while the petitioner returns to state court to exhaust his previously unexhausted claims. Once the petitioner exhausts his state remedies, the district court will lift the stay and allow the petitioner to proceed in federal court."[29]

---

[23] R. Doc. 19-32, pp. 10-11.
[24] R. Doc. 18.
[25] R. Doc. 22.
[26] R. Doc. 30. Wilson filed an additional document related to his request to stay these proceedings on August 15, 2022. R. Doc. 32.
[27] R. Docs. 27 & 31.
[28] *Rose v. Lundy*, 455 U.S. 509, 522 (1982).
[29] *Rhines v. Weber,* 544 U.S. 269, 273-76 (2005) (internal citations omitted).

The United States Court of Appeals for the Fifth Circuit has explained that a district court should grant a stay in a federal habeas case "if it determines that the prisoner has shown good cause warranting a stay, that the prisoner has raised meritorious issues, and that the prisoner has not engaged in intentionally dilatory tactics."[30]

Wilson's habeas petition appears to be mixed. On direct appeal, Wilson asserted the following assignments of error: 1) the trial court erred in denying the motions to suppress evidence; 2) the trial court erred in denying the motion to reconsider sentence; and 3) the sentence is unconstitutionally excessive. Wilson also may have asserted prosecutorial misconduct in suborning perjury as a ground for direct appeal in a *pro se* appellate brief, but that brief appears to be more related to the argument that there was insufficient evidence to convict him.[31] In his habeas petition, Claim 1 (non-unanimous jury verdict) and Claim 2 (violation of due process when trial judge refused to recuse) are unexhausted as neither of these claims was raised on direct appeal. While not entirely clear, it appears that the grounds of Claim 3 related to the fact the state did not solicit testimony from the alleged confidential informant (CI) at trial; that Ms. Farrin, the individual who was with Wilson when arrested, stated the drugs at issue were hers (and the drugs were found on her person); and the fact that there were no lab results for the drugs at issue,[32] are the same grounds that were argued in Wilson's *pro se* appellate brief to the First Circuit, such that these claims are exhausted.[33] Similarly, while Claim 4 is characterized as "factual innocence," what Wilson seems to be arguing, again, is that there was insufficient evidence to convict him

---

[30] *Leachman v. Davis*, 699 Fed.Appx. 441, 442 (5th Cir. 2017), citing *Rhines*, 544 U.S. at 278.
[31] R. Doc. 15-2, pp. 139-143.
[32] R. Doc. 1-1.
[33] R. Doc. 15-2, pp. 139-143. The basis of one of Wilson's PCR applications relates to whether there was probable cause for his arrest. This ground for his habeas relief appears to be unexhausted.

because he had nothing in his possession when arrested and the state did not establish that Wilson intended to, or actually made, a drug transaction."[34]

Wilson has shown that a stay of his mixed habeas petition is warranted. First, contrary to Respondents' assertions, Wilson's petition is timely. On direct appeal the Louisiana Supreme Court denied Wilson's writ application on November 13, 2017,[35] and his motion for reconsideration on February 23, 2018,[36] so that his conviction became final on May 25, 2018.[37] As mentioned above, Wilson filed two motions to correct an illegal sentence. Both of these motions are considered collateral review and toll the statute of limitations.[38] Wilson's May 12, 2018 motion to correct illegal sentence,[39] received by the trial court on May 16, 2018, was denied on August 28, 2018.[40] A total of 334 days passed until Wilson filed a motion to vacate sentence on July 29, 2019,[41] which remains unheard.[42] Starting in November 2019, Wilson also filed three PCR applications in state court, all of which are still pending.

---

[34] R. Doc. 3.
[35] R. Doc. 15-2, p. 11. It is not clear what information Respondents are relying on for their argument that Wilson did not seek review at the Louisiana Supreme Court on direct appeal after the First Circuit denied his writ application in February 2017. The record produced by Respondents contains the Louisiana Supreme Court's November 13, 2017 summary denial of Wilson's writ application (R. Doc. 15-1, p. 6), and the Louisiana Supreme Court's February 23, 2018 denial of Wilson's motion for reconsideration. R. Doc. 15-1, p. 6. There is no indication in the record that Wilson failed to timely seek review at the Louisiana Supreme Court on direct appeal.
[36] R. Doc. 15-1, p. 6.
[37] After a ruling by the state's highest court on direct appeal, a petitioner's judgment becomes final when the United States Supreme Court issues a decision denying discretionary review or, if no application for review is filed, at the conclusion of the ninety-day time period for seeking review at the Supreme Court. *Roberts v. Cockrell,* 319 F.3d 690, 693 (5th Cir. 2003). Wilson did not seek review with the United States Supreme Court.
[38] A motion to correct an illegal sentence qualifies as a motion for "other collateral review" for tolling purposes. *See Sampia v. Cain,* No. 99–30694, 48 Fed.Appx. 916, 2002 WL 31114916, at *4 (5th Cir. 2002). *See also Wall v. Kholi,* 562 U.S. 545, 552 (2011) (A "collateral attack" is an attack on a judgment in a proceeding *other than a direct appeal*).
[39] R. Doc. 15-2, pp. 161-169.
[40] R. Doc. 15-1, p. 73.
[41] R. Doc. 19-32, pp. 12-22.
[42] The concerns about the statute of limitations expressed in *Rhines* apply to Wilson because if this Court dismisses his habeas petition without prejudice since it contains exhausted and unexhausted claims, he will have a short period (approximately one month) to timely refile once his state court post-conviction proceedings conclude. *Rhines,* 544 U.S. at 275 ("If a petitioner files a timely but mixed petition in federal district court, and the district court dismisses it under *Lundy* after the limitations period has expired, this will likely mean the termination of any federal review. Similarly, if a district court dismisses a mixed petition close to the end of the 1-year period, the petitioner's chances of exhausting his claims in state court and refiling his petition in federal court before the limitations period runs are

As to at least one of his PCR claims, also raised in his federal habeas petition, the District Attorney's office has agreed to stay Wilson's PCR application (along with a list of others) to work on a solution.[43] This suggests that Wilson's claim of lack of due process based on police corruption is not plainly meritless. Finally, there is no indication that Wilson has engaged in dilatory tactics.

As consideration of the applicable factors supports a finding of good cause to stay and hold in abeyance Wilson's mixed habeas petition,[44]

**IT IS ORDERED** that the Motion to Stay,[45] filed by Petitioner Cornelius Wilson, is **GRANTED**. The Clerk of Court is instructed to **STAY** and **ADMINISTRATIVELY CLOSE** this case.

**IT IS FURTHER ORDERED** that Petitioner Cornelius Wilson, shall provide the Court with notice of the status of all pending state post-conviction proceedings by **November 22, 2022**.

**IT IS FURTHER ORDERED** that Respondent shall supplement the state court record with documents compliant with the Court's November 1, 2019 Order[46] within thirty days of

---

slim. The problem is not limited to petitioners who file close to the AEDPA deadline. Even a petitioner who files early will have no way of controlling when the district court will resolve the question of exhaustion. Thus, whether a petitioner ever receives federal review of his claims may turn on which district court happens to hear his case."). This issue is further complicated by the fact that Wilson has multiple PCR applications pending in state court, which are in various procedural postures.

[43] R. Doc. 19-32, pp. 10-11 (listing *State v. Cornelius Wilson*, 10-12-0480, in a March 9, 2022 requesting stay of pending PCR applications and indicating attorneys have been meeting with East Baton Rouge Parish District Attorney Hillar Moore and others to explore potential claims for relief by defendants whose convictions rest upon testimony of now-indicted former narcotics officer Jason Acree and five other former Baton Rouge narcotics detectives who are also under investigation). Additionally, Wilson's claim in PCR proceedings regarding the unconstitutionality of his conviction by a non-unanimous jury, which is also raised in his habeas petition (R. Doc. 3, p. 5), has been stayed by the state trial court due to a split in the Louisiana appellate courts as to whether Louisiana should apply the decision in *Ramos* retroactively. R. Doc. 19-25, p. 18. The Louisiana Supreme Court has granted certiorari to review whether Louisiana should apply the United States Supreme Court opinion in *Ramos* retroactively. *State v. Reddick*, 2021-01893 (La. 2/15/22), 332 So.3d 1173 (Mem.). That Wilson's conviction may also be overturned on this basis lends additional support to the decision to stay his federal habeas case.

[44] *See Slater v. Davis*, 717 Fed.Appx. 432, 439 (5th Cir. 2018) ("Permission to return to state court is a safety valve for unexhausted claims and, as such, is limited to situations where the district court finds 'that there was good cause for the failure to exhaust the claim; that the claim is not plainly meritless; and there is no indication that the failure was for the purposes of delay.'"). As Wilson still has PCR applications pending in state court, he has also shown that he has remedies under state law. *See id.*

[45] R. Docs. 30 & 32.
[46] R. Doc. 4.

issuance by the state courts of any of the following: (1) disposition of Wilson's post-conviction application(s); (2) any requests by Wilson for supervisory review of such disposition(s); and 3) disposition of any supervisory review by the Louisiana First Circuit Court of Appeal and/or the Louisiana Supreme Court.

    Signed in Baton Rouge, Louisiana, on August 23, 2022.

*[signature]*

**ERIN WILDER-DOOMES**
**UNITED STATES MAGISTRATE JUDGE**